IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PATRICIA M. SKELLY,**

       **Plaintiff,**

**v.**                              **Case No.: 3:08CV428/MCR/MD**

**OKALOOSA COUNTY,**
**FLORIDA BOARD OF COUNTY**
**COMMISSIONERS, in its official**
**capacity; NOLAN HAYNES,**
**in his individual capacity;**
**DENNIS FIELDS, in his individual**
**capacity,**

       **Defendants.**

_____/

## JOINT REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

Pursuant to the Court's Initial Scheduling Order entered November 10, 2008

(Doc. 8), the Parties to the above-referenced matter submit their Rule 26(f) Joint

Report.  This Joint Report is based substantially on Form 52 and incorporates

additional information as requested by the Initial Scheduling Order.

1.    The following persons participated in a Rule 26(f) conference on November

19, 2008, by telephone:

           Representing the Plaintiff:     Robert T. Bleach
                                   The Soloway Law Firm
                                   1013 Airport Blvd
                                   Pensacola, Florida 32504

Representing the Defendants:    Larry A. Matthews, Esq.
Jason B. Onacki, Esq.
Bozeman, Jenkins & Matthews, P.A.
Post Office Box 13105
Pensacola, FL  32591-3105

2.      Initial Disclosures.  The Parties have no objection to the Court's proposed Rule 26(a)(1) deadline.  (Doc. 8, ¶ (2)(b)).  Accordingly, the Parties will complete the initial disclosures required by Rule 26(a)(1) by December 3, 2008.

3.      Discovery Plan.  The Parties propose the following discovery plan:

a.      Discovery will be needed on the following subjects:

i.      Plaintiff's mental and physical condition prior to and at the time she was arrested and brought to the Okaloosa County Jail.

ii.     Plaintiff's actions when brought to the Okaloosa County Jail.

iii.    Defendants' actions towards Plaintiff.

iv.     The events that occurred during the time Plaintiff was in the custody of the Okaloosa County Department of Corrections.

v.      Plaintiff's mental and physical condition during the time she was in the custody of the Okaloosa County Department of Corrections.

vi.     Plaintiff's mental and physical condition since the time she was in the custody of the Okaloosa County Department of Corrections.

vii.    The short-term and long-term effects of use of tasers.

viii.   Whether the actions taken by Defendants Haynes and Fields were a reasonable use of force on Plaintiff under the facts and circumstances presented during her incarceration with the Okaloosa County Department of Corrections.

ix.    Whether the actions taken by Defendants Haynes and Fields were privileged under the facts and circumstances presented during Plaintiff's incarceration with the Okaloosa County Department of Corrections

x.     Whether Defendants or Plaintiff are liable for attorneys' fees.

xi.    Whether Plaintiff complied with prerequisites to suit and/or applicable statutes of limitation.

xii.   Whether Defendants are liable to Plaintiff on Plaintiff's claims.

xiii.  Whether Plaintiff has failed to state a cause of action upon which relief may be granted against one or all of the Defendants.

xiv.   Whether Plaintiff has received any recovery from collateral sources.

xv.    Whether Plaintiff sustained physical pain and suffering, and if so, what type of physical pain and suffering did she sustain.

xvi.   Whether Plaintiff sustained emotional injury, and if so, what type of emotional injury did she sustain.

xvii.   What basis Plaintiff has for claiming punitive damages.

xviii.  The Parties reserve the right to take discovery regarding additional subjects as discovery in this matter proceeds.

b.      The Parties request an extension of the discovery deadline until May 1, 2009.  (Doc. 8, ¶ (1)).  The Parties offer good cause to support the requested extension because:  (i) although the claims are at issue, four months is not enough time to complete the discovery needed to prepare for trial (particularly with the scheduling difficulties posed by the impending Thanksgiving and Christmas holidays); and (ii) the complexity of the issues in this case warrants an extension of the discovery period to permit the Parties additional time to prepare for trial.

c.      A maximum of 25 interrogatories per each named party to any other named party with responses due 30 days after service.

d.      A maximum of 25 requests for admission per each named party with responses due 30 days after service.

e.      A maximum of 15 depositions by Plaintiff and 15 by Defendants.

f.      Each deposition shall be limited to a maximum duration of 7 hours unless extended by agreement of the Parties.

g.      The Parties have no objection to the Court's proposed Rule 26(a)(2) deadline.  (Doc. 8, ¶ (2)(c)).  Accordingly, reports of retained experts under Rule 26(a)(2) are due from Plaintiff by January 9, 2009, and from Defendants by February 9, 2008.

h.      The Parties agree that supplementation under Rule 26(e) will be due in accordance with the provisions of that Rule.

4.      Other Items.

a.      The Parties do not request a conference with the Court before the Court enters a final scheduling order.  (Doc. 8, ¶ (3)(b)).

b.      The Parties request a pretrial conference one month before the trial date.

c.      The Parties propose January 31, 2009, as the deadline for Plaintiff to join additional parties or amend the pleadings.  (Doc. 8, ¶ (2)(a)(iv), (5)(a)).

d.      The Parties propose January 31, 2009, as the deadline for Defendants to join additional parties or amend the pleadings.  (Doc. 8, ¶ (2)(a)(iv), (5)(a)).

e.      The Parties agree with the deadline for filing motions for summary judgment provided by the Initial Scheduling Order (Doc. 8, ¶ (5)(c)), and such motions will be filed not later than 20 days after the close of discovery.

f.      The Parties continue to entertain and engage in settlement negotiations and will apprise the Court of further settlement negotiations.

g.      The Parties may pursue early mediation of this case and will keep the Court apprised of such activity.  (Doc. 8, ¶ (2)(a)(iii)).

h.    The Parties agree with the Court entering an order regarding Rule 26(a)(3) disclosures at a later time after the parties have completed discovery. (Doc. 8, ¶ (2)(d)).

i.    The Parties propose that when the Court enters its order concerning Rule 26(a)(3) disclosures, that the Parties be permitted 20 days after service of final witness and exhibit lists to serve objections.

j.    The Parties believe this case should be ready for trial in June 2009 if the requested extension of the discovery deadline is granted, and at this time trial is expected to take approximately 5 days.  The proposed trial date is not within 8 months of the filing of the Complaint because the Parties' believe discovery and trial preparation will take until May 1, 2009, on account of the number of witnesses and amount of discovery necessary to address the issues in dispute.  (Doc. 8, ¶ (2)(a)(vii)).

k.    The Parties have conferred regarding their willingness to consent to magistrate jurisdiction.  (Doc. 8, ¶ (2)(a)(i)).

l.    The Parties do not believe that this case should be made subject to the Manual for Complex Litigation.  (Doc. 8, ¶ (2)(a)(ix)).

m.    The nature and basis of the claims involved in this action are two-fold: (1) whether Defendants Fields and Haynes, acting in their individual capacity, violated the Plaintiff's Fourth and Fourteenth Amendment rights; and (2) whether the actions of Defendants Fields, Haynes, and Okaloosa County on the Plaintiff

constituted battery under Florida Law.  The principal factual issues in dispute are described in Paragraph Number 3 of this Report, which articulates the matters on which discovery is to be made.

n.    Disclosure or discovery of electronically stored information is not anticipated, but if it occurs, the Parties propose to handle such discovery as follows:

    i.    The Parties agree to provide printed, hard-copies of all email communications and other computer stored documents that may be responsive to requests for production; or

    ii.    The Parties may provide copies of electronically stored information by providing the information on a diskette; and.

    iii.    The Parties agree to limit disclosure and production of electronic data to what is reasonably available in the ordinary course of business in reasonably usable form.

(Doc. 8, ¶ (2)(a)(vi)).

Respectfully submitted and dated this 25th day of November, 2008.

/s/   Larry A. Matthews

Larry A. Matthews
Florida Bar No.:  0339601
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL  32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
E-mail:   LMatthews@bjm law.com
Attorneys for Defendants

/s/   Robert T. Bleach

Robert T. Bleach
Florida Bar No.: 089095
The Soloway Law Firm
1013 Airport Blvd
Pensacola, Florida 32504
(850) 850.4713300 Telephone
850.4713392 Facsimile
E-mail:  rbleach@bellsouth.net
Attorneys for Plaintiff