**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**PATRICIA M. SKELLY,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　Case No.: 3:08CV428/MCR/MD

**OKALOOSA COUNTY,
FLORIDA BOARD OF COUNTY
COMMISSIONERS,**
in its official capacity;
**NOLAN HAYNES,**
in his individual capacity;
**DENNIS FIELDS,**
in his individual capacity,

    **Defendants.**

_____/

## MOTION FOR LEAVE OF COURT

Defendants, Nolan Haynes, Dennis Fields, and Okaloosa County, Florida Board of County Commissioners, move for leave of court to extend the Defendants' Rule 26(a)(2) expert disclosure deadline (doc. 12, ¶ 5), showing good cause for this request as follows:

    1.    From the Parties initial contact at the inception of this lawsuit, they have been working towards the possibility of early settlement.

2. To enhance the possibility of early settlement the Parties worked to schedule a mediation as early as possible, and although the Parties could not schedule one in January they did schedule a February date before having to move it back to March 26.

3. To accommodate Plaintiff, and based on Defendants' counsels' understanding that she lives in Vermont and has very limited financial resources as well as health concerns; Defendants' counsel agreed to schedule Plaintiff's deposition for the day before the mediation to make it more convenient for her and to allow her to avoid incurring the cost of making two separate trips from Vermont to Florida for mediation and her deposition.

4. The deposition of Plaintiff is especially important and necessary in evaluating the type of claims at issue in this case (i.e., allegations of excessive force), and correspondingly, the deposition of Plaintiff is also critical in assessing the potential need for expert witnesses to support the defense.

5. Because Defendants' counsel agreed to delay the deposition of the Plaintiff until the early mediation, which is now scheduled for March, Defendants' counsel does not have the information necessary to evaluate the need for an expert witness(es). For example, there is not enough information known about Plaintiff's damages claims and

       the basis for those claims to effectively limit the scope of expert testimony that may be needed to address such claims, and accordingly, several experts would conceivably need to be retained at this stage whereas Plaintiff's deposition may reveal that there is a much narrower or non-existent need for expert testimony.

6. Notably, Plaintiff has elected not to disclose experts outside of potentially calling Plaintiff's medical providers, which leads to the conclusion that Plaintiff's counsel has deemed additional experts unnecessary to support his case, which reinforces Defendants' counsel's belief that the deposition of Plaintiff is absolutely necessary before a determination can be made whether to retain and disclose experts for the defense.

7. Another significant reason supporting the Defendants' request for an extension of the Rule 26(a)(2) disclosure deadline is that if experts are retained at this stage before the agreed upon early mediation, the expense associated with that action may actually decrease the ability to settle this matter at an early stage.

8. Specifically, Defendants' counsel has been in contact with potential expert witnesses leading up to the present disclosure deadline, but the cost of retaining those qualified experts is exceptionally high (for example, in the case of a well-qualified expert on tasers it will cost a

        flat-fee of $5,000 to retain him, an additional $2,500 flat-fee for him to prepare the required Rule 26(a)(2) disclosures, and another $2,500 per-day fee for him to testify at deposition and at trial - accordingly, that expert alone could be expected to cost at least $10,000).

9. The cost of retaining one or more of the envisioned experts could quickly change the calculus of what would be considered a reasonable settlement at the early mediation, whereas the money that would be spent on experts at this stage could instead be directed at trying to settle this matter at the mediation should the deposition of Plaintiff reveal that multiple experts will in fact be needed to effectively defend this case.

10. Plaintiff's counsel's election of not disclosing any expert beyond naming Plaintiff's medical providers supports the conclusion that there is no possibility of prejudice to Plaintiff's position in this litigation should an extension of Defendants' Rule 26(a)(2) disclosures be permitted; i.e., Plaintiff's disclosure deadline has always been set in advance of Defendants' deadline, as is normal practice under the rules of procedure and the practice used in the USDC NDFL, and at the time of Plaintiff's deadline she gave no indication that she needed additional time or envisioned possibly disclosing an additional expert(s). Thus, there can be no argument that an extension of

        Defendants' Rule 26(a)(2) disclosure deadline would somehow prejudice Plaintiff's ability to present her claims.

11. Defendants' counsel affirms that the request to extend Defendants' Rule 26(a)(2) disclosures shall not impede or cause any change to the discovery deadline (May 1) and anticipated trial date already set in this matter (November 16).

12. Accordingly, for the foregoing reasons, the undersigned believes there is good cause to support the Defendants' request for leave of court to extend the Defendants' Rule 26(a)(2) deadline. Although the length of the extension is left to the discretion of the Court, the Defendants believe it reasonable to ask for an extension of their Rule 26(a)(2) disclosure deadline until April 9, which is fifteen days from the date of Plaintiff's deposition and fourteen days from the mediation. The requested deadline is also well in advance of the May 1 discovery deadline and November 16 trial date.

WHEREFORE, Defendants respectfully request leave of court to extend the Rule 26(a)(2) disclosure deadline until April 9, which is fifteen days from the date of Plaintiff's deposition and fourteen days from the mediation. Alternatively, Defendants request an extension of the disclosure deadline for a period of time the Court deems appropriate in light of the reasons provided for the requested extension of time.

**STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Pursuant to Local Rule 7.1(B), Defendants' counsel has conferred with Plaintiff's counsel and Plaintiff's counsel intends to object to the requested extension of time.

\* \* \* \*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished to Robert T. Bleach, Esq., Soloway Law Firm, 1013 Airport Blvd., Pensacola, FL 32504 and Ginger L. Barry, Esq., Broad and Cassel, 20 Grand Boulevard, Suite 205A, Destin, FL 32550 via electronic filing this 7th day of February, 2009.

s/ Jason B. Onacki
**Larry A. Matthews**
Florida Bar No.: 0339601
**Jason B. Onacki**
Florida Bar No.: 0698016
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL 32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
E-mail: LMatthews@bjm-law.com
jonacki@bjm-law.com
Attorneys for Defendants