**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

PATRICIA M. SKELLY

       Plaintiff,

v.

                                  Case No.: 3:08-cv-428-MCR/MD

OKALOOSA COUNTY, FLORIDA BOARD OF
COUNTY COMMISSIONERS, in its
official capacity; NOLAN HAYNES,
in his individual capacity; DENNIS FIELDS, in
his individual capacity;

       Defendants,
_____/

**PLAINTIFF'S MEMORANDUM OF LAW OPPOSING DEFENDANTS'
REQUEST FOR EXTENSION OF TIME TO DISCLOSE EXPERTS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)**

Plaintiff, Patricia Mary Skelly, by and through her undersigned attorney, opposes Defendants' Motion for Leave for an extension of time to disclose their experts under Fed.R.Civ.P. 26(a)(2) and states as follows:

Defendants' Motion for Leave should be denied. From the face of the Complaint[1], it is apparent that Plaintiff is claiming damages due to the grossly excessive number of times she was tased by the staff of the Okaloosa County Jail. Defendants now claim that they could

---

[1] An Answer to this Complaint was filed by Defendants on November 10, 2008.

not determine by February 9, 2009 (the deadline agreed to by the parties in their November 25, 2008 Rule 26(f) Planning Report for disclosure of Defendants' experts) whether they would need to retain a taser expert for this case. Because a "well-qualified expert on tasers" is the only expert Defendants mention in their Motion for Leave (¶8), presumably this is the only expert they contemplate disclosing – though they do mention the potential need for "expert witnesses", they do not state what types of experts beyond a taser expert they would anticipate needing, or that they have consulted with any experts beyond a taser expert.

In their Motion for Leave, Defendants state three grounds for requesting this extension, none of which constitute "good cause" for the requested extension. First, Defendants state that they need to depose the Plaintiff prior to determining whether they need a taser expert or other expert witnesses. Were this the case, Defendants should have raised this issue with Plaintiff's counsel long ago, and not three days prior to their disclosure deadline, the date the parties conferred about this motion under Local Rule 7.1(B). While it is true that Defendants agreed to depose Plaintiff the day before the parties' mediation so that Plaintiff, who resides in Vermont, would only need to make a single trip to Pensacola to attend both events, at no time prior to its Motion for Leave did Defendants state that this would interfere with their ability to make timely Rule 26(a)(2) disclosures. In fact, the original deposition date for Plaintiff was set for February 19, 2009, 10 days after Defendants' expert witness disclosures were due – her deposition and mediation had to be rescheduled for March 25th and 26th, respectively, due to a conflict on Defense counsel's calendar which arose after the scheduling of the original dates.

Furthermore, prior to their expert witness disclosure deadline Defendants did not serve any discovery on Plaintiff, other than a deposition notice. If Defendants had any questions regarding whether experts were needed, they could have been addressed through early interrogatories or a request to produce. Plaintiff voluntarily provided Defendants with all records in her possession, including medical records and photographs of her taser injuries, in conjunction with a seven page demand letter sent to Defendants in October 2008. Defendants are in possession of their own personnel's accounts of the tasing incidents and their in-house investigation records regarding this incident. They certainly had enough information to determine whether they would want to employ a taser expert and to procure an expert report in time to meet the February 9, 2009 disclosure deadline.

If Defendants had contemplated employing such an expert for purposes of explaining to a jury how a taser works and the effects of the weapon, nothing Ms. Skelly would reveal in her deposition would affect an expert's opinion on that subject. If Defendants intended to use such an expert for hypothetical use-of-force testimony (as an expert on use-of-force can not invade the province of the jury and opine as to whether the force used in this specific case was excessive or not[2]), they already had all the facts required to produce such a report from Plaintiff's Complaint, demand letter and their own reports as to how this incident took place. Should Ms. Skelly testify at deposition as to something which might affect the expert's opinions, the Federal Rules would have allowed for supplementation of a timely produced

---

[2] *See Samples v. City of Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990).

report. *See* Fed.R.Civ.P. 26(a)(2)(D). Therefore, Defendants' first reason for not timely disclosing their expert witnesses has no merit.

Defendants' second reason for not timely disclosing their experts is to spare them the expense of hiring experts prior to mediation, such that they could afford to offer more money towards settlement. Again, this is an issue which should have been apparent to Defendants when the mediation was first scheduled, and not one which should have been raised three days prior to the disclosure deadline. Ironically, this argument works more in favor of denying Defendants' motion than it does in favor of granting it. Should the court deny Defendants' motion, they would also be spared the expense of retaining experts and would still be able to allocate those funds towards settlement. Therefore, Defendants' second argument fails as well.

Defendants' third argument in requesting an extension to disclose experts is that Plaintiff will suffer no prejudice from such an extension. This is simply not true. Defendants have requested an extension which would allow them to disclose their experts beyond the date all parties agreed to at the parties' planning meeting and, more importantly, beyond the scheduled mediation date. Plaintiff would most certainly be prejudiced at mediation if Defendant is allowed to raise the spectre of being able to retain an unlimited number of experts who will render unknown opinions. Plaintiff would be in a much better position to evaluate the risk factors of her case had Defendants made a timely expert disclosure, with a report of the expert's anticipated opinions and bases therefore, than she will be should the court grant Defendants' Motion for Leave to extend their time to disclose experts.

In sum, Defendants have failed to state any legitimate reasons for failing to timely disclose any expert witness(es) they intend to call at trial. Defendants had adequate information to determine their need for an expert prior to the agreed upon and court-ordered deadline. Defendants' argument that they could apply the monies which would have been spent on an expert to the funds from which they could make settlement offers at the upcoming mediation weighs more heavily in favor of denying Defendants' motion, as denial of the motion would ensure that Defendants do not incur expert witness expenses. Plaintiff would be prejudiced by this proposed untimely disclosure because she would lack information necessary to help her evaluate the case at the upcoming mediation. Federal Rule of Civil Procedure 6 allows a court to extend a deadline for "good cause." Defendants have failed to state any reason which would constitute "good cause" for such an extension. Accordingly, their Motion for Leave should be denied.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished to Jason Onaki, Esq. and Larry A. Matthews, Esq. with Bozeman, Jenkins, & Matthews, P.A., 114 East Gregory Street, Pensacola, FL 32502 via electronic filing this 19th day of February, 2009.

/s/Robert T. Bleach
Robert T. Bleach
Florida Bar No.: 089095
Soloway Law Firm
1013 Airport Boulevard
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (F)
Attorney for Plaintiff