**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**PATRICIA M. SKELLY,**

    **Plaintiff,**

v.                                            Case No.: 3:08CV428/MCR/MD

**OKALOOSA COUNTY,
FLORIDA BOARD OF COUNTY
COMMISSIONERS,**
in its official capacity;
**NOLAN HAYNES,**
in his individual capacity;
**DENNIS FIELDS,**
in his individual capacity,

    **Defendants.**
_____/

**UNOPPOSED MOTION FOR LEAVE OF COURT TO CONDUCT MEDICAL
EXAMINATION OF PLAINTIFF AND LEAVE OF COURT TO EXTEND TIME
FOR REPORT OF MEDICAL EXPERT TO BE COMPLETED**

Defendants Nolan Haynes, Dennis Fields, and Okaloosa County, Florida Board of County Commissioners, move for leave of court requesting an order pursuant to Fed.R.Civ.P. 35 permitting Defendants authority to conduct a medical examination of the Plaintiff in the event mediation on March 26, 2009, should fail (post-mediation settlement discussions are continuing, and the mediator will refrain from deeming the mediation an impasse at this time). Additionally, assuming that

mediation fails and the Court permits a medical examination of the Plaintiff, then Defendants further request leave of court to extend the time for Plaintiff's examination and Defendants' anticipated medical expert's Rule 26(a)(2) report until such time as Plaintiff can be examined, which may be after the presently set expert disclosure deadline of April 9, 2009.

Defendants show good cause for these requests as follows:

1. The Parties agree that Plaintiff has placed her mental state at issue in this litigation and therefore, should mediation fail on March 26, 2009, Plaintiff does not oppose Defendants retaining an expert concerning the medical conditions Plaintiff attributes to the alleged incidents involving Defendants.

2. The Parties further agree that should mediation fail, Plaintiff does not oppose Defendants' medical (mental health) expert conducting an examination of Plaintiff to fully ascertain Plaintiff's claim for alleged damages including mental anguish and post traumatic stress disorder, as well as her medical history leading up to and since the time of the incidents alleged in the complaint.

3. Given the nature of the damages claimed by Plaintiff, Defendants believe there exists good cause to grant leave of court and issue an order pursuant to Rule 35(a) allowing Defendants the ability to have Plaintiff examined by a medical expert.

4. Defendants request, and Plaintiff has no objection, to leave of court being granted to extend the time in which Plaintiff may be examined by Defendants' medical expert beyond the April 9, 2009 deadline presently set for Defendants' Rule 26(a)(2) disclosures, in the event Plaintiff cannot make herself available for examination until after April 9.

6. Defendants further request, and Plaintiff has no objection, to an extension of the time for Defendants to deliver to Plaintiff the medical expert's report no later than twenty-five (25) days after Plaintiff is examined.

7. Defendants are prepared to disclose the identity and credentials of their anticipated medical expert on April 9, but the requested extension of time for the report is necessary to permit sufficient time for Defendants' anticipated medical expert to include findings from his examination of Plaintiff in his report.

8. The requested extension of time for the report of the medical expert has no bearing on Defendants' ability to comply with the presently set expert disclosure deadline for the use of force expert they intend to disclose.

9. Accordingly, Defendants propose, and Plaintiff has no objection to, Defendants' expert disclosure deadline remaining on April 9 with

leave of court granted to permit Plaintiff to be examined after April 9 if necessary, with Defendants delivering to Plaintiff the medical expert's report no later than twenty-five (25) days after Plaintiff is examined.

10. The Parties agree that should leave be granted, then Plaintiff shall have an opportunity to depose Defendant's medical expert within twenty-five (25) days of Defendants delivering to Plaintiff the medical expert's report, and that discovery accordingly be extended solely for this purpose.

11. The requested leave of court and extension of time should not prevent completion of other discovery by the discovery deadline (May 1, 2009), nor should the requested extension of time disturb the presently set time for trial of this matter (November 16, 2009).

12. Accordingly, for the foregoing reasons, Defendants respectfully submit that there is good cause to support their requests for leave of court for: (1) an order permitting Defendants' anticipated medical expert to examine Plaintiff should mediation fail; and (2) an extension of time for Defendants' anticipated medical expert to issue his Rule 26(a)(2) report so he may include the findings of his examination of Plaintiff in that report.

WHEREFORE, Defendants respectfully request leave of court for: (1) an order permitting Defendants' anticipated medical expert to examine Plaintiff should mediation fail; and (2) an extension of time for Defendants' anticipated medical expert to examine Plaintiff and issue his Rule 26(a)(2) report so he may include the findings of his examination of Plaintiff in that report until twenty-five (25) days after Plaintiff has been examined, which may be after the presently set expert disclosure deadline of April 9, 2009. Alternatively, Defendants request an order permitting an examination of Plaintiff by Defendants' anticipated medical expert and an extension of time for Defendants' anticipated medical expert to make his Rule 26(a)(2) report for a period of time the Court deems appropriate in light of the reasons provided for the requested extension of time.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), Defendants' counsel has conferred with Plaintiff's counsel and Plaintiff's counsel has no objection to the relief sought and the form of this Motion.

* * * *

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Robert T. Bleach, Esq., Soloway Law Firm, 1013 Airport Blvd., Pensacola, FL  32504 and Ginger L. Barry, Esq., Broad and Cassel, 20 Grand Boulevard, Suite 205A, Destin, FL 32550 via electronic filing this 7th day of April, 2009.

s/ Jason B. Onacki
**Larry A. Matthews**
Florida Bar No.:  0339601
**Jason B. Onacki**
Florida Bar No.:  0698016
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL  32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
E-mail:  LMatthews@bjm-law.com
             jonacki@bjm-law.com
Attorneys for Defendants