**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA PENSACOLA DIVISION**

PATRICIA M. SKELLY

        Plaintiff,

v.

                                    Case No.: 3:08-cv-428-MCR/MD

OKALOOSA COUNTY, FLORIDA  BOARD OF
COUNTY COMMISSIONERS, in its
official capacity; NOLAN HAYNES,
in his individual capacity; DENNIS FIELDS, in
his individual capacity;


        Defendants,

_____/


**PLAINTIFF'S MEMORANDUM OF LAW OPPOSING DEFENDANT
OKALOOSA COUNTY'S AMENDED MOTION FOR SUMMARY JUDGMENT**

      Plaintiff, Patricia Mary Skelly, by and through her undersigned attorney, opposes Defendants

Okaloosa County's Motion for Summary Judgment and states as follows:

      As Ms. Skelly has only brought one claim for state law battery against Defendant Okaloosa

County, pled in the alternative to her state law battery claims against Defendants Haynes and Fields[1],

and such claims essentially apply the same excessive force standard as constitutional excessive force

---

      [1] Defendant County correctly states that pursuant to Fla.Stat. §768.28(9), liability for battery may only be imposed on an "either/or" basis against the County or the individually named Defendants, dependent upon a finding of whether the Defendants acted in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

claims (without the qualified immunity aspect), Ms. Skelly incorporates by reference her Memorandum of Law opposing Defendants Haynes and Fields Motion for Summary Judgment, excepting those allegations of willful and wanton behavior by the individually names defendants. Ms. Skelly believes that it is an issue of fact for the jury to decide as to whether the excessive force employed by Haynes and Fields was in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla.Stat. §768.28(9), and that the disputed issues of material fact would allow a jury to draw an inference either way.

Ms. Skelly would note that Defendant County has inserted numerous alleged "undisputed facts" into its Memorandum which are not contained in its separately filed Statement of Undisputed Facts, and would ask that the court disregard such additional allegations. Ms. Skelly also raises the same objections to the new immaterial facts (events prior to Ms. Skelly's arrival at the jail and after she was taken to North Okaloosa Medical Center) that she raised in her Statement of Disputed Facts, filed separately, as to these new allegations.

Finally, should this court decide to grant Defendants Haynes and Fields' Motion for Summary Judgment as to the federal claims raised, Ms. Skelly would ask that instead of issuing a ruling on summary judgment as to Ms. Skelly's state law claims, that the court dismiss these claims for lack of jurisdiction so that Plaintiff may seek her state law remedies in state court.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Roper &

Roper, P.A., 116 N. Park Avenue Apopka, FL 32703 via electronic filing this 13th day of July, 2009.


/s/Robert T. Bleach
Robert T. Bleach
Florida Bar No: 089095
Soloway Law Firm
1013 Airport Blvd.
Pensacola, Florida 32504
(850) 471-3300 (T)
(850) 471-3392 (F)
Attorneys for Plaintiff