**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA PENSACOLA DIVISION**

PATRICIA M. SKELLY

        Plaintiff,                    Case No.: 3:08-cv-428-MCR/MD

v.

OKALOOSA COUNTY, FLORIDA BOARD OF
COUNTY COMMISSIONERS, in its
official capacity; NOLAN HAYNES,
in his individual capacity; DENNIS FIELDS, in
his individual capacity;

        Defendants,
_____/

**PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANTS' MOTION
FOR TAXATION OF ATTORNEY'S FEES**

Defendants OKALOOSA COUNTY, FLORIDA BOARD OF COUNTY COMMISSIONERS ("County"), NOLAN HAYNES ("Haynes") and DENNIS FIELDS ("Fields"), jointly referred to hereafter as "Defendants," have moved this court for an award of attorney's fees pursuant to a defective and unenforceable Offer of Judgment/Proposal for Settlement served on Plaintiff on July 15, 2009 (Exhibit "A" to Defendant's Motion). This motion should be denied in its entirety.

**I.   Defendants' Offer of Judgment is Defective on its Face and Unenforceable Under Florida Law**

Defendants' Offer of Judgment is unenforceable because it consisted of a single lump sum

offer from multiple defendants that did not allocate which portion of the offer came from each defendant. Florida law has consistently held that because Fla.Stat. §768.79 is in derogation of common law, it must be strictly construed. *See Attorney's Title Ins. Fund, Inc. v. Gorka* 2010 WL 1235268, *2 (Fla. 2010); *Campbell v. Goldman*, 959 So.2d 223, 226 (Fla. 2007) ("both rule 1.442 and section 768.79 are in derogation of the common law rule that parties are responsible for their own attorney's fees, and thus the statute and rule must be strictly construed"). Failure to comply with the technical requirements of Fla.Stat. §768.79 and Fla.R.Civ. P. 1.442 in making an offer mandates that attorney's fees be denied. *See id.*

### A. Defendants Failed to Comply with Fla.Stat. §768.79

In the instant case, Defendant failed to comply with the plain language of Fla.Stat. §768.79, which provides in pertinent part:

(2) . . . . An offer must:

(b) Name the **party** making it and the **party** to whom it is being made.

(emphasis added). In *Allstate Indemnity Co. v. Hingson*, 808 So.2d 197, 199 (Fla. 2002), a case denying attorney's fees under Fla.Stat. §768.79 to a defendant who made an undifferentiated offer to multiple plaintiffs, the Florida Supreme Court held:

> In subsection 2(b), [Fla.Stat. §768.79] refers to "party" in the singular. This, we believe, indicates the Legislature's intent that an offer specify the amount attributable to each individual party.

The *Hingson* case addressed the invalidity of an offer which violated the "party to whom it is being made" language of the statute. However, its interpretation of the legislative intent behind the use of the word "party" in the singular applies equally to the "party making it" language, which Defendants

failed to follow in the instant case. Under the strict construction of Fla.Stat. §768.79 mandated by Florida law, Defendants' failure to follow the statutory requirement of specifying in their offer which amount of the offer was attributable to each Defendant requires denial of their motion for attorney's fees.

### B.     Defendants Failed to Comply with Fla.R.Civ.P. 1.442

Fla.R.Civ.P. 1.442(c)(3) also requires that an Offer of Judgment state the amounts offered by each individual party: "A joint proposal shall state the amount and terms attributable to each party." In *KMS Restaurant Corp. v. Wendy's Intern., Inc.*, 194 Fed. Appx 591, 597 (11th Cir. 2006)[1], the Eleventh Circuit noted, in upholding the denial of attorney's fees under Fla.Stat. §768.79, that Florida law is clear that an undifferentiated joint offer by multiple defendants fails to comply with Fla.R.Civ.P. 1.442, and is therefore unenforceable:

> The Florida Supreme Court has explicitly held that the plain language of Rule 1.442(c)(3) mandates that settlement proposals be differentiated between the parties,

---

[1] Although this opinion is unpublished, and therefore only persuasive authority, it should be noted that the Eleventh Circuit also applied Fla.R.Civ.P. 1.442's technical requirements in determining whether an Offer of Judgment under Fla.Stat. §768.79 was valid in *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002), a published and binding decision. The reasoning for applying this Florida procedural rule in federal court is explained in the court's decision which the above-cited case superceded (on other grounds), *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001):

> Somewhat complicating matters, Florida Rule of Civil Procedure 1.442 (Proposals for Settlement), adopted by the Florida Supreme Court, also covers the subject of offers of judgment. Rule 1.442 is the procedural vehicle which a litigant can use to enforce the right to attorney's fees. The Florida Supreme Court retains final authority to control judicial procedure and, consequently, the provisions of Rule 1.442 supersede any contrary procedures contained in Fla. Stat. § 768.79. Fla. R. Civ. P. 1.442(a).

(footnote omitted).

regardless of the number of plaintiffs and defendants involved or the theory of liability. *Lamb v. Matetzschk*, 906 So.2d 1037 (Fla.2005); *Willis Shaw Express, Inc. v. Hilyer Sod, Inc.*, 849 So.2d 276 (Fla.2003). In *Willis Shaw*, the Florida Supreme Court held that "[a] strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror." 849 So.2d at 278-79. *See D'Angelo v. Fitzmaurice*, 863 So.2d 311, 318-19 (Fla.2003) (approving the lower court's denial of attorneys' fees based on holding in *Willis Shaw*). We are not dissuaded from this precedent by KMS' argument. We therefore conclude that KMS' joint proposal for settlement was facially invalid and void because it did not differentiate between the parties. Hence, we hold that the district court did not abuse its discretion in denying KMS' request for attorneys' fees and costs pursuant to Fla. Stat. §768.79.

Therefore, Defendants' Motion for Taxation of Attorney's Fees must be denied for failure to comply with Fla.R.Civ.P. 1.442.

### C. Defendants' Motion Must be Denied for Failure to Comply with Either Fla.Stat. §768.79 or Fla.R.Civ.P. 1.442

Defendant's Motion for Taxation of Attorney's Fees must be denied. For a Proposal for Settlement/Offer of Judgment to be valid and enforceable under either Fla.Stat. §768.79 or Fla.R.Civ.P. 1.442, it must delineate the amount offered from each defendant to each plaintiff. Undifferentiated lump-sum offers, such as Defendants', do not comply with either the statute or the rule and preclude fee entitlement.

### II. Defendants' Offer of Judgment Improperly Includes Federal Law Claims Which Are Not Subject to Fla.Stat. §768.79

Although additional grounds are not required to deny Defendants' Motion for Taxation of Attorney's Fees, this court could also deny Defendants' motion due to Defendants' impermissible inclusion of Plaintiff's claims under 42 U.S.C. §1983 in their Offer of Judgment. Attorney's fees for claims brought pursuant to 42 U.S.C. §1983 are not subject to Fla.Stat. §768.79 due to preemption

under the supremacy clause[2], as 42 U.S.C. §1988 controls fee awards for these claims. *See Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1310-1311 (11th Cir. 2007) (holding that Fla.Stat. §768.79 is preempted by Title VII's attorney's fees provisions, and that 42 U.S.C. §1988 attorney's fees provisions should be interpreted identically to Title VII's, citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, (1983)); *Chapman v. Laitner*, 809 So.2d 51, 52 (Fla. 3d DCA 2002) (holding that Fla.Stat. §768.79 was preempted by 42 U.S.C. §1988 in a case brought pursuant to 42 U.S.C. §1983); *Moran v. City of Lakeland*, 694 So.2d 886, 887 (Fla. 2d DCA 1997) ("because section 1988 allows the award of attorney's fees to prevailing defendants in a much more limited context than does section 768.79(1), section 1988 preempts section 768.79(1)").

The preemption of Fla.Stat. §768.79 by federal law is not unique to civil rights cases. In *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F.Supp2d 1282, 1287 (M.D. Fla. 2008), the district court held that Fla.Stat. §768.79 was preempted by federal law in a case where claims were brought pursuant to Federal RICO laws and Florida's civil RICO and Deceptive and Unfair Trade Practices Acts:

> The Court holds that §768.79 applies only to State law claims. Consistent with *Akerman* and other Eleventh Circuit precedents, §768.79 is substantive – not procedural – and applies only to underlying Florida causes of action. However, by virtue of the Supremacy Clause and the Costs Statute, §768.79 cannot be the basis for shifting one party's attorneys' fees to another on a federal claim. Only Congress may create exceptions to the American Rule where federal claims are at issue. Accordingly, where a federal court has subject matter jurisdiction over a federal question only, §768.79 does not apply. Where the Court has both a federal question and supplemental or diversity jurisdiction over Florida claims, §768.79 applies only to the Florida claims.

The court further held that where Congress has made it clear that it wishes to "occupy the field"

---

[2] U.S. Const. Art. VI, cl. 2.

concerning the provision of attorney's fee awards for federal claims, federal law preempts §768.79. *See id.* at 1286. Congress has made clear its desire to "occupy the field" of attorney's fees for claims brought pursuant to §1983 through the enactment of an attorney's fee provision, 42 U.S.C. §1988, which controls fee awards for such claims. *See Hensley*, 461 U.S. at 433 n.7; *Jones* 494 F.3d at 1310-1311.

Defendants' impermissible co-mingling of Plaintiff's state law and federal law claims in their Offer of Judgment is further grounds to deny their motion for attorney's fees.[3] Because Defendants' Offer of Judgment did not allow Plaintiff to settle her state law claims independently from her federal claims, any fee entitlement under Fla.Stat. §768.79 Defendants would have had pursuant to the Offer of Judgment is preempted by 42 U.S.C. §1988.

**III.   Conclusion**

Defendants' Motion for Taxation of Attorney's Fees must be denied. Defendants' Offer of Judgment is unenforceable and void on its face under Florida law because Defendants failed to specify the amounts attributable to each of them from the lump-sum offer. Furthermore, the Offer of Judgment purported to include Plaintiff's §1983 claims, which are not subject to Fla.Stat. §768.79 due to federal preemption by 42 U.S.C. §1988, making the entire offer void. As Defendants have stated no other grounds for fee entitlement in their motion, it should be denied in its entirety.

---

[3] Defendants' motion seeks attorney's fees solely on the basis of their Offer of Judgment, and not pursuant to 42 U.S.C. §1988 or any other federal or state law.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Roper & Roper, P.A., 116 N. Park Avenue Apopka, FL 32703 via electronic filing this 22d day of April, 2010 and to Patricia M. Skelly, 9 Monsignor Crosby Ave, Apt. 1, Montpelier, VT 05602 via U.S. Mail this 23d day of April, 2010.

/s/Robert T. Bleach
Robert T. Bleach
Florida Bar No: 089095
Soloway Law Firm
1013 Airport Blvd.
Pensacola, Florida 32504
(850) 471-3300 (T)
(850) 471-3392 (F)
Attorneys for Plaintiff